**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SUZANNA PORTER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| VS. | ) |
| | ) |
| CAVALRY SPV I, LLC | ) |
| | ) |
| Defendant | ) |

## COMPLAINT – JURY TRIAL DEMANDED

1. This is an action by an individual Connecticut consumer to secure declaratory and monetary relief, including attorney's fees, for the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq*., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, as well as for the Defendant's violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), C. G. S. § 42-110a, *et seq*.

2. This Court is a court of competent jurisdiction and has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d).

3. Plaintiff, Suzanna Porter (or "Plaintiff"), is a natural person residing in the State of Connecticut as of the time of the commencement of this action and was, upon information and belief, a resident of the State of Connecticut at all times relevant hereto.

4. Plaintiff is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

5. Upon information and belief and at all times relevant hereto, the principal purpose of Defendant, Cavalry SPV I, LLC (or "Defendant"), is the collection of debts using the mails and telephone.

6. In fact, Defendant regularly attempts to collect debts to be due to another, including consumer debts in the State of Connecticut, and, upon information and belief, maintains a collection agency license with the Connecticut Department of Banking.

7. Upon information and belief and at all times relevant hereto, Defendant is a corporation organized pursuant to the laws of the State of Delaware, with its principal place of business in Valhalla, New York.  Defendant regularly engages in the collection of consumer debts in the State of Connecticut.

**FACTUAL ALLEGATIONS**

8. Beginning on or about September, 2014, Defendant initiated a campaign of harassment against Plaintiff.

9. The Defendant's actions concerned an alleged consumer debt in the amount of $13,242.54 allegedly owed to "Bank of America" for a credit card account ending in 9503.

10. Upon information and belief, all Bank of America credit card agreements are interpreted in accordance with the laws of the State of Delaware.

11. With respect to actions to enforce contracts, the Delaware statute of limitations is three years.

12. Upon information and belief, the last payment made to the alleged account occurred in 2009.

13. Upon information and belief, said campaign of harassment included, *inter alia*, telephone calls and messages.

14. On or about September 23, 2014, Defendant commenced a court action against Plaintiff in Hartford, Connecticut, bearing docket number HHD-CV14-6054081-S.

15. At the time of the filing of the court action, the alleged debt was more than five-years-old, and, therefore, time-barred pursuant to the Delaware choice-of-law provision in the Bank of America cardmember agreement.

16. Plaintiff never received any communication from the Defendant indicating that a law suit on the alleged debt was barred by the statute of limitations as a result of the cardmember agreement's choice-of-law provision.

17. Defendant knowingly commenced a time-barred court action against Plaintiff to collect an alleged consumer debt.

18. Defendant further claimed that interest was "accruing" following the charge-off, when, in fact, post-charge-off interest was not assessed by the original creditor.

19. Instructively, 15 U.S.C. §1692 e (2)(A), in relevant part, prohibits a debt collector from falsely representing either the character, amount, or legal status of the debt.  See, 15 U.S.C. §1692 e (2)(A).

20. At the same time, 15 U.S.C. §1692 e, in relevant part, makes it a violation of the FDCPA for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  (See, 15 U.S.C. 1692 e).

21. Further, 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation.  (See, 15 U.S.C. 1692 e (10)).

22. As a proximate consequence of Defendant's egregious conduct, coupled with the acts described above, Plaintiff lost wages from employment, lost sleep, suffered headaches, nausea, embarrassment, suffered emotional distress and physical manifestations of emotional distress, and weight loss.

### Claims For Relief

### I.   Defendant's Violation of 15 U.S.C. §1692 e (2)(A)

23. Paragraphs 1-22 are re-alleged, as if fully re-stated.

24. Instructively, 15 U.S.C. §1692 e (2)(A), in relevant part, prohibits a debt collector from falsely representing either the character, amount, or legal status of the debt. See, 15 U.S.C. §1692 e (2)(A).

25. Beginning on or about September, 2014, Defendant initiated a campaign of harassment against Plaintiff.

26. The Defendant's actions concerned an alleged consumer debt in the amount of $13,242.54 allegedly owed to "Bank of America" for a credit card account ending in 9503.

27. Upon information and belief, all Bank of America credit card agreements are interpreted in accordance with the laws of the State of Delaware.

28. With respect to actions to enforce contracts, the Delaware statute of limitations is three years.

29. Upon information and belief, the last payment made to the alleged account occurred in 2009.

30. Upon information and belief, said campaign of harassment included, *inter alia*, telephone calls and messages.

31. On or about September 23, 2014, Defendant commenced a court action against Plaintiff in Hartford, Connecticut, bearing docket number HHD-CV14-6054081-S.

32. At the time of the filing of the court action, the alleged debt was more than five-years-old, and, therefore, time-barred pursuant to the Delaware choice-of-law provision in the Bank of America cardmember agreement.

33. Plaintiff never received any communication from the Defendant indicating that a law suit on the alleged debt was barred by the statute of limitations as a result of the cardmember agreement's choice-of-law provision.

34. Defendant knowingly commenced a time-barred court action against Plaintiff to collect an alleged consumer debt.

35. Defendant further claimed that interest was "accruing" following the charge-off, when, in fact, post-charge-off interest was not assessed by the original creditor.

36. Defendant's violation of 15 U.S.C. §1692 e (2)(A) constituted a violation of the FDCPA.

37. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## II. Defendant's Violation of 15 U.S.C. § 1692 (e) (10)

38. Paragraphs 1-22 are re-alleged as if fully re-stated.

39. 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation. (See, 15 U.S.C. 1692 e (10)).

40. Beginning on or about September, 2014, Defendant initiated a campaign of harassment against Plaintiff.

41. The Defendant's actions concerned an alleged consumer debt in the amount of $13,242.54 allegedly owed to "Bank of America" for a credit card account ending in 9503.

42. Upon information and belief, all Bank of America credit card agreements are interpreted in accordance with the laws of the State of Delaware.

43. With respect to actions to enforce contracts, the Delaware statute of limitations is three years.

44. Upon information and belief, the last payment made to the alleged account occurred in 2009.

45. Upon information and belief, said campaign of harassment included, *inter alia*, telephone calls and messages.

46. On or about September 23, 2014, Defendant commenced a court action against Plaintiff in Hartford, Connecticut, bearing docket number HHD-CV14-6054081-S.

47. At the time of the filing of the court action, the alleged debt was more than five-years-old, and, therefore, time-barred pursuant to the Delaware choice-of-law provision in the Bank of America cardmember agreement.

48. Plaintiff never received any communication from the Defendant indicating that a law suit on the alleged debt was barred by the statute of limitations as a result of the cardmember agreement's choice-of-law provision.

49. Defendant knowingly commenced a time-barred court action against Plaintiff to collect an alleged consumer debt.

50. Defendant further claimed that interest was "accruing" following the charge-off, when, in fact, post-charge-off interest was not assessed by the original creditor.

51. Defendant's conduct, in failing to adhere to the tenets of 15 U.S.C. §1692 e (10) constituted a violation of the FDCPA.

52. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### III. Defendant's Violation of the Connecticut Unfair Trade Practices Act

53. Paragraphs 1-22 are re-alleged as if fully re-stated.

54. Defendant's actions constitute an unfair trade practice, which offends public policy, is immoral, unethical, and unscrupulous in the context of trade or commerce in the State of Connecticut, and which has caused substantial economic injury to the Plaintiff.

55. Beginning on or about September, 2014, Defendant initiated a campaign of harassment against Plaintiff.

56. The Defendant's actions concerned an alleged consumer debt in the amount of $13,242.54 allegedly owed to "Bank of America" for a credit card account ending in 9503.

57. Upon information and belief, all Bank of America credit card agreements are interpreted in accordance with the laws of the State of Delaware.

58. With respect to actions to enforce contracts, the Delaware statute of limitations is three years.

59. Upon information and belief, the last payment made to the alleged account occurred in 2009.

60. Upon information and belief, said campaign of harassment included, *inter alia*, telephone calls and messages.

61. On or about September 23, 2014, Defendant commenced a court action against Plaintiff in Hartford, Connecticut, bearing docket number HHD-CV14-6054081-S.

62. At the time of the filing of the court action, the alleged debt was more than five-years-old, and, therefore, time-barred pursuant to the Delaware choice-of-law provision in the Bank of America cardmember agreement.

63. Plaintiff never received any communication from the Defendant indicating that a law suit on the alleged debt was barred by the statute of limitations as a result of the cardmember agreement's choice-of-law provision.

64. Defendant knowingly commenced a time-barred court action against Plaintiff to collect an alleged consumer debt.

65. Defendant further claimed that interest was "accruing" following the charge-off, when, in fact, post-charge-off interest was not assessed by the original creditor.

66. Defendant's actions constitute a *per se* violation of the Connecticut Unfair Trade Practices Act.

67. Simply, the Defendants engaged in a trade practice which ran counter to public policy and for which the Plaintiff suffered an ascertainable loss of money.

68. A copy of this complaint has been forwarded to the Attorney General of the State of Connecticut, as well as the Commissioner of Consumer Protection.

69. By virtue of the aforesaid, the Defendant has violated the Connecticut Unfair Trade Practices Act and is liable to the Plaintiff for nominal and punitive damages, treble damages, and attorney's fees.

WHEREFORE, the Plaintiff respectfully prays for the following relief:

1. A Declaratory judgment that Defendant's conduct violated the FDCPA and the Connecticut Unfair Trade Practices Act.
2. An award of nominal and punitive damages and attorney's fees pursuant to the Connecticut Unfair Trade Practices Act as codified in C.G.S. § 42-110a, *et seq*., as amended;
3. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).
4. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).
5. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).
6. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).
7. An award of punitive damages.
8. Statutory post-judgment interest pursuant to C.G.S. §52-356d (e) and C.G.S. § 37-3a, as amended;
9. A jury trial on all counts triable by jury;
10. Such other and further relief as the Court deems just;

Dated at Hartford, Connecticut, this 15th day of September, 2015.

        THE PLAINTIFF,
        SUZANNA PORTER

By:   _s/ct29447_____
        Roderick D. Woods, Esq.
        The Woods Law Firm, LLC
        100 Pearl Street, Fourteenth Floor
        Hartford, Connecticut 06103
        (860) 549-6275 (Tel.)
        (860) 371-3242 (Fax)
        CT Federal Bar Number ct29447
        rwoods@rdw-law.com